United States District Court
Southern District of Texas
**ENTERED**
December 14, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN RAY SCHILLEREFF, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:07-CV-1872 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on petitioner Steven Ray Schillereff's petition for a writ of habeas corpus and respondent Lorie Davis' motion for summary judgment. Having carefully considered the petition, the motion, Schillereff's response, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that respondent's motion should be granted, and Schillereff's petition should be dismissed with prejudice.

### I. Background

Schillereff pled guilty to aggravated assault with a deadly weapon. The 338th District Court of Harris County, Texas sentenced him to 20 years imprisonment.

Texas' Fourteenth Court of Appeals affirmed the conviction and sentence. *Schillereff v. State*, 2005 WL 1552693 (Tex. App. – Houston[14th Dist.] July 5, 2005), pet. ref'd). The Texas Court of Criminal Appeals ("TCCA") refused Schillereff's's petition for discretionary review. *Schillereff v. State*, P.D.R. No. 1147-06 (Tex. Crim. App. 2006).

Schillereff filed his federal petition for a writ of habeas corpus on June 4, 2007. This Court stayed proceedings to allow Schillereff to file a state application for a writ of habeas corpus. The TCCA denied his state habeas corpus application without written order on the

findings of the trial court on November 25, 2015. SH-02[1] at Action Taken page. This Court then reinstated Schillereff's federal petition.

The petition raises 34 claims for relief. Many of the claims overlap. These are addressed below.

## II.   Applicable Legal Standards

### A.   The Anti-Terrorism and Effective Death Penalty Act

This federal petition for habeas corpus relief is governed by the applicable provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Woodford v. Garceau*, 538 U.S. 202, 205-08 (2003); *Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). Under the AEDPA, federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7-8 (2002); *Cobb v. Thaler*, 682 F.3d 364, 372-73 (5th Cir. 2012).

For questions of law or mixed questions of law and fact adjudicated on the merits in state court, this Court may grant habeas relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]." *See Kittelson v. Dretke*, 426 F.3d 306, 318 (5th Cir. 2005). Under the "contrary to" clause, this Court may afford habeas relief only if "'the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially

---

[1]   "SH" refers to the transcript of Schillereff's state habeas corpus proceedings.

indistinguishable facts.'" *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The "unreasonable application" standard permits federal habeas relief only if a state court decision "identifies the correct governing legal rule from [the Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 406. "In applying this standard, we must decide (1) what was the decision of the state courts with regard to the questions before us and (2) whether there is any established federal law, as explicated by the Supreme Court, with which the state court decision conflicts." *Hoover v. Johnson*, 193 F.3d 366, 368 (5th Cir. 1999). A federal court's "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence." *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001), *aff'd*, 286 F.3d 230 (5th Cir. 2002) (en banc); *see also Pape v. Thaler*, 645 F.3d 281, 292-93 (5th Cir. 2011). The focus for a federal court under the "unreasonable application" prong is "whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case.'" *Id.* (quoting *Neal*, 239 F.3d at 696, and *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997)); *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001) ("Even though we cannot reverse a decision merely because we would reach a different outcome, we must reverse when we conclude that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'")

The AEDPA precludes federal habeas relief on factual issues unless the state court's adjudication of the merits was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2); *Martinez v.*

*Caldwell*, 644 F.3d 238, 241-42 (5th Cir. 2011). The state court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Jackson v. Anderson*, 112 F.3d 823, 824-25 (5th Cir. 1997). This Court may only consider the factual record that was before the state court in determining the reasonableness of that court's findings and conclusions. *Cullen v. Pinholster*, 563 U.S. 170 (2011). Review is "highly deferential," *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*), and the unreasonableness standard is "difficult [for a petitioner] to meet." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

B.    <u>Summary Judgment Standard in Habeas Corpus Proceedings</u>

In ordinary civil cases, a district court considering a motion for summary judgment is required to construe the facts of the case in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) (The "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor"). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). This principle is limited, however; Rule 56 applies insofar as it is consistent with established habeas practice and procedure. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases), *overruled on other grounds by Tennard v. Dretke,* 542 U.S. 274 (2004). Therefore, § 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmoving party. *See id*. However, in a habeas proceeding, unless the petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence" regarding the state

court's findings of fact, those findings must be accepted as correct. *See id*. Thus, the Court may not construe the facts in the state petitioner's favor where the prisoner's factual allegations have been adversely resolved by express or implicit findings of the state courts, and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness in 28 U.S.C. § 2254(e)(1) should not apply. *See Marshall v. Lonberger*, 459 U.S. 422, 432 (1983); *Sumner v. Mata*, 449 U.S. 539, 547 (1981); *Emery v. Johnson*, 940 F.Supp. 1046, 1051 (S.D. Tex. 1996), *aff'd*, 139 F.3d 191 (5th Cir. 1997).

### III. Analysis

#### A. Representation at Plea Hearing

Schillereff contends that he was denied counsel of his choice at his plea hearing because, he claims, he was represented by the prosecutor. Respondent points out that this claim is based on a clerical error in the Reporter's Record which was later corrected. *Compare* 2 RR at 2[2] and Correction to Reporter's Record at 2. Moreover, the docket and plea papers reflect that Schillereff was represented by defense counsel. *See* CR at 58, 69.[3] Thus, the record does not support Schillereff's version of the facts.

#### B. Voluntariness of Guilty Plea

At Schillereff's plea hearing, the trial court incorrectly advised Schillereff that he faced a possible sentence of five to ninety nine years imprisonment. 2 RR at 3. In fact, the sentencing range was two to twenty years. Schillereff contends that the incorrect statement by the trial court rendered his plea involuntary.

---

[2] "RR" refers to the Reporter's Record.

[3] "CR" refers to the Clerk's Record.

"A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). A plea is knowing, voluntary, and intelligent if "the defendant understood the nature and substance of the charges against him, [but] not necessarily . . . their technical legal effect." *Id.*

The record shows that, while the trial court's initial admonishment was incorrect, the plea papers signed by Schillereff correctly stated that Schillereff faced a possible sentence of two to twenty years. Schillereff initialed the form next to the correctly stated sentencing range. *See* SH-02 at 1450, 1454. The state habeas court further found that Schillereff's counsel also correctly informed him of the sentencing range. *Id.* at 1438. Schillereff does not demonstrate that the state habeas court's conclusion that he was properly informed of the possible sentence was an unreasonable determination of the facts. He therefore fails to demonstrate that his guilty plea was not knowing, voluntary, and intelligent, and he is not entitled to relief on this claim.

C. **Ineffective Assistance of Trial Counsel**

Schillereff raises numerous claims of ineffective assistance of trial counsel. Many of these claims are convoluted and overlapping.

To prevail on a claim for ineffective assistance of counsel, Petitioner

> must show that . . . counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to prevail on the first prong of the *Strickland* test, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. Reasonableness is measured against prevailing professional norms, and must be viewed under the totality of the circumstances. *Id.* at 688.

Review of counsel's performance is deferential. *Id.* at 689. The same standards apply to claims of ineffective assistance of counsel in connection with a defendant's plea of guilty. *See Hill v. Lockhart*, 474 U.S. 52 (1985).

### 1. Pre-Plea Ineffective Assistance

To the extent that Schillereff contends that he received ineffective assistance of counsel prior to entering his plea, any such claim is waived except insofar as it implicates the knowing, voluntary, and intelligent nature of his plea. A guilty plea waives all non-jurisdictional defects occurring before entry of the plea. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). Challenges to a conviction resulting from a guilty plea are limited to the voluntariness of the plea, the defendant's understanding of the charges against him, and his understanding of the consequences of the plea. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985)*; Grabowski v. Hargett*, 47 F.3d 1386, 1389 (5th Cir. 1995).

### 2. Failure to Inform Schillereff of Favorable Plea Offer

In his third claim for relief, Schillereff contends that counsel was ineffective by rejecting a six year plea deal offer without informing Schillereff. The state habeas court, however, found that counsel did communicate the offer to Schillereff, Schillereff rejected the offer, and the State then withdrew the offer after obtaining the victim's medical records and other evidence. SH-02 at 1438. Schillereff does not demonstrate that these conclusions are unreasonable determinations of fact based on the record. He therefore fails to demonstrate that counsel failed to apprise him of the offer, and thus fails to demonstrate deficient performance by counsel.

### 3. Advising Petitioner He Could Receive Probation

In his fourth and nineteenth claims for relief, Schillereff contends that counsel rendered ineffective assistance by advising Schillereff that he would be eligible for a probated sentence.

Schillereff contends that his criminal record made him ineligible for probation, and that he would not have pled guilty if not for the allegedly inaccurate information.

Schillereff points to his application for probation, which has a check mark in a box indicating that Schillereff had a prior felony conviction, as evidence that he was ineligible for probation. *See* CR at 50. Respondent argues that the check mark is an apparent clerical error. She notes that the lines on which the offense, the state in which the conviction occurred, and the year of the conviction are to be filled in is blank, *id.*, and that Schillereff testified that he had no prior felony convictions, 3 RR at 11. The record makes clear that the trial court considered, and rejected, sentencing Schillereff to probation. *Id.* at 32. Thus, Schillereff's argument rests on a clerical error that did not affect the trial court's consideration of his sentence. He fails to demonstrate that counsel erred in informing him that he was eligible for a possible probated sentence. He therefore fails to demonstrate ineffective assistance of counsel.

4.      <u>Pressuring Petitioner to Plead Guilty</u>

In his fifth claim for relief, Schillereff contends that counsel was ineffective because he pressured Schillereff to plead guilty because Schillereff did not have enough money to pay counsel to take his case to trial. The state habeas court expressly found that counsel never so pressured Schillereff, and Schillereff presents no evidence to the contrary. SH-02 at 1439.

"Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Schillereff offers nothing but his own self-serving assertions to the contrary, and fails to rebut the presumption of correctness due the state court finding. He therefore fails to demonstrate deficient performance by counsel.

5.  Failing to Blame the Victim

Over the course of 15 of his claims (claims 6-7, 9-10, 14-16, 21-24, 26-28, and 33), Schillereff complains that counsel rendered ineffective assistance by failing to argue at sentencing that the victim was lying and shared blame for the assault. Specifically, he claims that counsel should have: argued that the victim nagged four or five previous husbands until they, too, became violent; argued that the victim's injuries were minor; argued that the victim exaggerated her injuries; argued that the victim shared blame because she put herself in harm's way by disregarding a protective order she had taken out against Schillereff and accompanying him to Texas; and introduced evidence that Schillereff claims would have shown the victim to be "psychologically disturbed." He further complains that counsel failed to object to the admission of a videotaped statement by the victim.

The state habeas court found that counsel adopted a strategy of acknowledging guilt and asking the trial court to show leniency. SH-02 at 1439. The court further found that counsel conducted an adequate investigation, and that Schillereff never informed counsel that the victim had any credibility issues. *Id.*

Schillereff's scattershot attacks on the victim's character do not demonstrate that counsel was ineffective. Despite Schillereff's conclusory allegation that the victim's injuries were minor, the state habeas court specifically found that they were severe. *Id.* at 1440. Pursuing Schillereff's strategy of attacking the victim of an assault carried the risk of antagonizing the trial judge and undermining Schillereff's expressions of remorse. *See, e.g.*, 3 RR at 10-12. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ." *Strickland*, 466 U.S. at 690. Counsel's strategic

choice to present Schillereff as remorseful was a reasonable strategy, and counsel was not deficient for failing to take actions that would have undermined that strategy.

      6.      <u>Advice Regarding Victim's Testimony</u>

Schillereff contends that the State of Texas could not afford to bring the victim to Texas to testify, but that counsel erroneously informed him that she would testify if he did not plead guilty. As discussed above, all pre-plea claims other than claims of jurisdictional defects were waived by Schillereff's knowing, intelligent, and voluntary guilty plea.

Waiver notwithstanding, Schillereff fails to demonstrate that counsel's advice was incorrect. He relies on a statement by the prosecutor during the presentence investigation hearing that, due to financial constraints, the State was unable to bring the victim to court and instead wished to offer a videotaped statement. 3 RR at 4. Schillereff presents no evidence, however, that the State would not have brought her to court had his guilt been contested. Schillereff is not entitled to relief on his eighth claim for relief.

      7.      <u>Photographs</u>

In his eleventh and twelfth claims for relief, Schillereff argues that counsel was ineffective for failing to object to the admission of photographs that, Schillereff claims, were obtained through a warrantless search and seizure, were not properly authenticated, were altered, and were admitted without a stipulation as to their admissibility. Schillereff makes no showing that the photographs were inadmissible, or that any objections would have been successful. He therefore fails to demonstrate either deficient performance or *Strickland* prejudice.

      8.      <u>Extraneous Offense Evidence</u>

In his thirteenth claim for relief, Schillereff contends that counsel was ineffective by failing to object to evidence of an extraneous offense consisting of another assault by Schillereff

of his wife, or to present evidence that the victim recanted and made inconsistent statements concerning the extraneous offense. Schillereff points to no grounds for counsel to have objected to the admission of the extraneous offense at the punishment hearing. Moreover, as discussed above, counsel pursued a valid strategy of presenting Schillereff as remorseful. Attacking the victim's credibility would have undermined that strategy. Counsel was not deficient for failing to object to the extraneous offense evidence or attack the victim's credibility.

### 9. Mitigation Evidence

In his seventeenth claim for relief, Schillereff contends that counsel was ineffective for failing to investigate and present evidence of Schillereff's use of alcohol and Antabuse in mitigation of punishment. To establish that an attorney was ineffective for failure to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial. *See United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); s*ee also Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).

The state habeas court found that evidence of Schillereff's alcohol and Antabuse use was contained in the presentence investigation report, and was therefore before the sentencing court. SH-02 at 1435. The court further found that counsel conducted an adequate investigation. *Id.* at 1439. Schillereff's conclusory allegations fail to rebut these findings. Moreover, because the relevant information was before the sentencing court, Schillereff fails to demonstrate what additional action counsel should have taken, or how any such action would have changed his sentence. He is not entitled to relief on this claim.

### 10. Uncalled Witnesses

In his eighteenth and twentieth claims, Schillereff complains that counsel was ineffective for failing to present an expert to challenge evidence of the victim's injuries, and failing to

present mitigation witnesses. The Fifth Circuit has held that "complaints based upon uncalled witnesses [are] not favored because the presentation of witness testimony is essentially strategy and thus within the trial counsel's domain, and . . . speculations as to what these witnesses would have testified is too uncertain." *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (citing *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983), *cert. denied*, 467 U.S. 1251 (1984)). "In order for the appellant to demonstrate the requisite *Strickland* prejudice, the appellant must show not only that this testimony would have been favorable, but also that the witness would have testified at trial." *Id.*

Schillereff's guilty plea constituted an admission that he assaulted the victim. As noted above, counsel elected to pursue a strategy of portraying Schillereff as remorseful. Attacking the victim's claims concerning the severity of her injuries would have undermined that strategy. Moreover, the state habeas court found that the medical records were consistent with the victim's version of events and photographs of her injuries. SH-02 at 1440. Schillereff fails to rebut this finding. Counsel was not deficient for failing to present evidence of dubious value that was inconsistent with his punishment hearing strategy.

Schillereff attached letters from some other potential mitigation witnesses to his state habeas application. The state habeas court found that the letters would not have been beneficial to the defense in light of the severity of the victim's injuries, that the letters were not dated, and that there was no indication whether they were ever sent to counsel. The court further found that counsel asked Schillereff for the names of potential mitigation witnesses, but that Schillereff failed to provide any names. *Id.* at 1440-41. Schillereff fails to rebut these findings.

In light of Schillereff's admission of guilt, the medical evidence demonstrating the severity of the victim's injuries, and the vagueness of the timing of the witness letters and

whether they were sent to counsel, Schillereff fails to demonstrate either deficient performance or *Strickland* prejudice.

### 11. Closing Argument

In his twenty fifth claim for relief, Schillereff argues that counsel was deficient for failing to object to a statement in the prosecutor's closing argument calling Schillereff a "future killer". Under Texas law, a prosecutor may present argument to the jury on four types of issues: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) responses to opposing counsel's argument; and (4) pleas for law enforcement. *Moody v. State*, 827 S.W.2d 875, 894 (Tex.Crim.App.), *cert. denied sub nom. Moody v Texas*, 506 U.S. 839 (1992).

Schillereff acknowledges that the evidence included statements by the victim that Schillereff threatened and wanted to kill her, and that she feared he would kill her. The risk that Schillereff would kill someone, and therefore merited a lengthy sentence, was thus a summation of the evidence, a reasonable deduction from the evidence, and a plea for law enforcement. Because the statement was not objectionable under Texas law, counsel was not deficient for failing to object.

### 12. Preparation to Testify

In his thirtieth claim, Schillereff contends that counsel was ineffective by failing to prepare Schillereff to testify. The state habeas court found that counsel did prepare Schillereff, including giving advice about his demeanor while testifying, but that Schillereff disregarded counsel's advice. SH-02 at 1440. Schillereff does not rebut this finding, but instead complains that counsel did not pursue a different defense strategy. As noted above, counsel made a valid strategic choice to present Schillereff as remorseful for assaulting his wife. Schillereff fails to demonstrate ineffective assistance of counsel regarding his preparation to testify.

13. Constitutionality of Criminal Statute

In claim 31, Schillereff argues that counsel was ineffective for failing to argue that the statute under which Schillereff was prosecuted, TEX. PENAL CODE § 22.02(a)(2), is unconstitutional as applied because it treated Schillereff's use of his hands as a deadly weapon. As noted above, however, Schillereff waived this claim, which challenges neither the trial court's jurisdiction nor the voluntariness of Schillereff's plea, by pleading guilty.

D. **Validity of Conviction**

In his thirty second claim, Schillereff argues that his conviction is void because TEX. PENAL CODE § 22.02(a)(2) is unconstitutional. Schillereff waived this claim by pleading guilty.

E. **Ineffective Assistance of Appellate Counsel**

In his thirty fourth claim for relief, Schillereff contends that he received ineffective assistance of counsel in his direct appeal. A defendant is constitutionally entitled to effective assistance of appellate counsel when he has a right to appeal under State law. *Evitts v. Lucy*, 469 U.S. 387, 395 (1985). The *Strickland* two-prong standard applies to claims of ineffective assistance of appellate counsel. *Duhamel v. Collins*, 955 F.2d 962, 967 (5th Cir. 1992).

Schillereff contends that appellate counsel was ineffective for failing to raise several claims that he raises in this petition. As discussed above, none of these claims has merit.

Appellate counsel is not required to raise every possible non-frivolous claim on appeal. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983).

Because none of the claims Schillereff contends should have been raised was meritorious, counsel was not deficient for failing to raise them. In addition, because the claims are without

merit, there is no likelihood that Schillereff would have obtained relief had they been raised, and therefore no prejudice caused by appellate counsel's failure to raise them.

## IV. Conclusion

For the foregoing reasons, respondent's motion for summary judgment is granted, and Schillereff's petition for a writ of habeas corpus is denied.

## V. Certificate Of Appealability

Schillereff has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A defendant may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the defendant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A defendant "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).

This Court has carefully reviewed the record in this case, and the arguments, and authorities put forth by the parties. The Court finds that Schillereff has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court concludes that Schillereff is not entitled to a certificate of appealability.

## VI. Conclusion And Order

For the foregoing reasons, it is ORDERED as follows:

A. Respondent Lorie Davis' motion for summary judgment (Dkt. No. 39) is GRANTED;

B. Petitioner Steven Ray Schillereff's petition for a writ of habeas corpus (Dkt. No. 1) is DENIED and DISMISSED WITH PREJUDICE; and

C. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 14th day of December, 2016.

_____
Kenneth M. Hoyt
United States District Judge